FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SKEGGI HILDOLF KATRINSSONR and BODHI,<br><br>                  Plaintiffs,<br><br>  v.<br><br>CHERYL STRANGE, et al,<br><br>                  Defendants. | NO. 4:23-CV-5139-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ETC. |

BEFORE THE COURT are Plaintiffs' construed Motion for Preliminary Injunction (ECF No. 3), Motion for Oral Arguments (ECF No. 8) and Motion for Removal of Clerk (ECF No. 10). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motions are DENIED.

**BACKGROUND**

Plaintiffs, proceeding *pro se*, filed a motion for preliminary injunction to compel Defendants to allow inmates "[the] use of candles and incense during

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ETC. ~ 1

indoor religious practices and ceremonies" and to "allow all religious groups to purchase incense, candles and essential oils from vendors of their choosing." ECF No. 3.

Plaintiffs offer no proof that Defendants have been given notice of the motion at hand, and thus the Court may not issue a Preliminary Injunction. Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). Additionally, the Court cannot construe the motion as an *ex parte* temporary restraining order because Plaintiffs have offered no evidence of compliance with Rule 65(b) which requires (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the applicant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. of Civ. P. 65(b). The circumstances justifying the issuance of an *ex parte* temporary restraining order are extremely limited because "our entire jurisprudence runs counter to the noting of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). Though Plaintiffs are proceeding *pro se*, they

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ETC. ~ 2

have not offered any evidence to support the Court disregarding the notice requirement.

Regardless of notice deficiencies, Plaintiffs' Motion for Preliminary Injunction fails as they do not demonstrate a likelihood of success on the merits.

Moreover, Plaintiffs have not properly sought *in forma pauperis* status nor paid the $402.00 filing fee. Plaintiffs were advised by the Clerk's Office that they must "submit a certified statement of your inmate account (or institutional equivalent) for the six months immediately preceding the submission of your complaint (also known as a "PLRA statement")" or pay the filing fee of $402.00. *See* ECF Nos. 4, 5. These notices were sent to Plaintiffs on October 12, 2023, yet Plaintiffs still have not complied.

**DISCUSSION**

To obtain preliminary injunctive relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the Winter test, a plaintiff must satisfy each element for injunctive relief.

An even more stringent standard is required in mandatory injunction cases,

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ETC. ~ 3

where an award of mandatory preliminary relief is not warranted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). In "doubtful cases", a mandatory injunction will not issue. *Id*.

Additionally, the Prison Litigation Reform Act further limits the court's power to grant injunctive relief to prisoner litigants:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

To succeed on the merits of the First Amendment claim, the plaintiff must show the defendant burdened the plaintiff's sincerely held religious belief without a justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008). The regulation of inmates' possession of candles and incense indoors has been found to reasonably relate to a legitimate penological purpose as a serious safety and security concern. *See Ward v. Walsh*, 1 F.3d 873, 879 (9th Cir. 1993); *see also Malik v. Woodley*, 14 F. App'x 779, 780 (9th Cir. 2001).

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ETC. ~ 4

Plaintiffs' motion alleges that Defendants have denied them access to incense and candles to use in practice during indoor religious ceremonies. ECF No. 3. Additionally, they request the Court compel Defendants allow inmates to purchase incense, candles, and essential oils from vendors of the inmate's choosing. *Id*. Regardless of the dispute over whether Plaintiffs' religious beliefs are sincerely held, Defendants' limitation to access of candles and incense indoors is related to legitimate penological interest as a safety and security concern. *Ward*, 1 F.3d at 877–79. Thus, on this record and at this time, Plaintiffs have not established a likelihood of success on the merits and the facts and law as it relates to ability to burn candles and incense indoors, and therefore does not warrant a preliminary injunction.

Because Plaintiffs have not offered proof of compliance with Federal Rule of Civil Procedure 65 and have not demonstrated that Defendants have interfered with their right to religious practice in a way that is not outweighed by a penological interest, Plaintiffs' motion is denied.

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without the immediate payment of a filing fee only upon granting of in forma pauperis status. *See* 28 U.S.C. § 1915. Failure to pay the statutory filing fee will result in dismissal of these actions without prejudice. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th

Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) is **DENIED**.

2. Plaintiffs' Motion for Oral Arguments (ECF No. 8) is **DENIED**.

3. Plaintiffs' Motion for Removal of Clerk (ECF No. 10) is **DENIED**.

4. Plaintiffs must either properly file for *in forma pauperis* status or pay the filing fee of $402.00 on or before December 4, 2023, or this case will be dismissed.

The District Court Executive is directed to enter this Order and furnish copies to Plaintiffs at the Coyote Ridge Corrections Center.

DATED November 13, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ETC. ~ 6